# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ISIDORO SAUCEDA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-732-R |
| | ) | |
| FNU HANSON, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Before the Court is the *pro se* petition for habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2241 in the Eastern District of Missouri and transferred to this Court on August 12, 2019 because Mr. Sauceda is incarcerated in this judicial district. (Doc. No. 3). Upon consideration of the motion pursuant to its screening obligation under 28 U.S.C. § 2243, the Court finds that it lacks jurisdiction to grant the relief requested, and the motion is therefore dismissed. See Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).[1]

Petitioner is serving a 108-month sentence imposed by the United States District Court for the Eastern District of Missouri on January 13, 2016, after pleading guilty to a single count of conspiracy to distribute and possession with intent to distribute methamphetamine. The primary argument in the Petition is a request for a reduced sentence on compassionate grounds, given that Mr. Sauceda is 63 years old, serving time for a non-

---

[1] Petitioner did not submit the $5.00 filing fee, nor did he submit a motion for leave to proceed *in forma pauperis*. In light of the Court's conclusion that Petitioner is not entitled to relief, Petitioner is not ordered to cure these deficiencies.

violent felony, and has completed more than one-half of his sentence. (Doc. No. 1, p. 6). Petitioner inquires whether he is eligible for relief under the new 18 U.S.C. § 3553(f), a sentencing provision. (Doc. No. 1, p. 7). In Ground Three, Petitioner seeks the benefit of Section 402 of the First Step Act. (Doc. No. 1, p. 7). This claim is identical to Ground Two, because Section 402 is the provision broadening the safety valve amendments to § 3553(f). In Ground Four, Mr. Sauceda seeks a reduction of his sentence in light of Amendment 802 of the United States Sentencing Guidelines. (Doc. No. 1, p. 8).

The Court concludes it may not consider Grounds Two through Four, which must be pursued by Petitioner in his criminal case in the United States District Court for the Eastern District of Missouri.[2]

> [T]he motion is due to be dismissed for lack of jurisdiction because that issue "must be considered by the sentencing court," which is the Middle District of Florida. *Bruno v. Stone*, No. 315-002, 2015 WL 1893348, at *2 (S.D. Ga. Apr. 15, 2015), report and recommendation adopted May 11, 2015, 2015 WL 2227672; *Gregory v. Grondolsky*, 365 F. App'x 326, 327 (3rd Cir. 2010) (affirming district court's dismissal of habeas petition for lack of jurisdiction and holding a § 2255 motion or "motion to reduce sentence pursuant to 18 U.S.C. § 3582 filed with the sentencing court" would be the petitioner's only potential avenue for relief); *Pinkley v. Anderson*, No. 06-246, 2006 WL 2671074, at *2 (D. Minn. Sept. 18, 2006) (transferring request for § 3582(c)(1)(B) sentence modification to the Western District of Tennessee, which imposed the petitioner's sentence).

*Wilson v. United States*, No. 1:18-cv-229-KOB-SGC, 2018 WL 6006959, at *4 (N.D. Ala. Oct. 15, 2018), report and recommendation adopted, 2018 WL 6001637 (N.D. Ala. Nov. 15, 2018); *see also Braswell v. Gallegos*, 82 F. App'x 633, 635 (10th Cir. 2003)("Because

---

[2] Grounds Two and Three of the Petition implicate 18 U.S.C. § 3582(c)(1)(B), which permits a court to modify an imposed term of imprisonment to the extent permitted by statute. If this Court had jurisdiction over Petitioner's safety valve claim, that is Section 402 of the First Step Act, he would not be entitled to relief because that provision is not retroactive and applies only to convictions after the effective date of the statute.

2

a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence."); *Landazuri v. Hall*, 423 F. App'x 475, 476(5th Cir. 2011) ("Because *Landazuri* did not file this [3582(c)] challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it").

With regard to Petitioner's request for compassionate release, wherein he cites his age, 63, and the non-violent nature of his conviction, the Court presumes Petitioner seeks participation in the "Elderly Offender Program" under the First Step Act of 2018. The First Step Act reauthorized the Elderly Offender Home Detention Program. Eligibility criteria include that the offender must be 60 years of age or older, and must have served more than two-thirds of his sentence. 34 U.S.C. § 60541(g).[3] Other criteria apply regarding the nature of the crime for which the offender was convicted and his criminal history. As relevant to the outcome herein, 34 U.S.C. § 60541(g)(1)(B) provides:

> In carrying out the pilot program as described in subparagraph (A), the Attorney General *may* release some or all eligible elderly offenders . . . from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender. . . .

*Id.*
> [T]he Supreme Court has consistently held that a prisoner has no constitutional right to confinement in any particular place, including in-home confinement. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("[T]he Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's

---
[3] Petitioner asserts he has served more than half of his sentence, which would not make him eligible for consideration under § 60541(g).

> liberty interest to empower the State to confine him in any of its prisons."). The Attorney General—and by delegation the BOP—has the exclusive authority and discretion to designate the place of an inmate's confinement. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971). And in this case, the EOHDP is a pilot project, and the Attorney General retains the discretion to designate the institutions which will participate. "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).

*Zheng Yi Xiao v. La Tuna Fed. Corr. Inst.*, No. EP-19-CV-97-KC, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019). In light of this discretion, Petitioner has not established that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). *See United States v. Tikal*, No. 12-cr-000362-TLN-KJN, 2019 WL 3035557, at *4 (E.D. Cal. July 11, 2019)("statute merely grants the Attorney General discretion to release eligible elderly offenders."); *United States v. Perez-Asencio*, No. 18CR3611-H, 2019 WL 626175, at *4 (S.D. Cal. Feb. 14, 2019) ("Title 18, U.S.C. § 3582(c)(1)(B) only permits courts to modify an imposed term of imprisonment, not the method of incarceration and Title 34 U.S.C. § 60541 only authorizes the Attorney General, not the courts, to modify the method of imprisonment from a BOP facility to home confinement.") (internal quotation marks omitted).

Upon consideration of the petition herein, the Court hereby dismisses the petition because the Court lacks the authority to modify Mr. Sauceda's sentence as requested in Ground One and the sentencing court, that is, the Eastern District of Missouri, is the only court with jurisdiction to modify his sentence pursuant to 28 U.S.C. § 3582. Petitioner has

failed to establish he is incarcerated in violation of the Constitution or laws of the United States.

IT IS SO ORDERED this 14th day of August 2019.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE